UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**ALEX WOODS, ET UX.**                                   **CIVIL ACTION**

**V.**

**CITY OF BATON ROUGE-PARISH**
**OF BATON ROUGE, ET AL.**                               **NO. 24-CV-00653-SDJ**

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(4)-(6)

**MAY IT PLEASE THE COURT:**

NOW COMES, the City of Baton Rouge/Parish of East Baton Rouge ("City/Parish"), through undersigned counsel, who respectfully submits this memorandum in support of its Motion to Dismiss wherein it seeks this Honorable Court to grant dismissal of all claims raised against the City/Parish herein for the following reasons:

### FACTUAL AND PROCEDURAL BACKGROUND

On August 9, 2024, Plaintiffs filed their complaint. Plaintiffs requested service upon the Parish Attorney's Office as an attempt to provide service of process upon the City/Parish on October 31, 2024. The Parish Attorney's Office is not a service representative or agent of the City/Parish pursuant to La. C.C.P. art. 1265 and La. R.S. 13:5107. The City/Parish has not yet been served properly with service of process in accordance with La. C.C.P. art. 1231, *et seq.*[1]

The City/Parish now submits its response to Complaint along with arguments for dismissal pursuant to F.R.C.P. Rules 12(b)(4), (5), and (6).

---

[1] Plaintiffs also named as a party-defendant Chief Murphy Paul. *Referring to Complaint*. Service of process, whether correct or incorrect, has not occurred based upon the record of the Clerk of Court in this matter. Accordingly, no appearance is being made on behalf of any other party-defendant at this time.

## STANDARDS OF LAW

I.   **Insufficiency of Process/Service of Process**

When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service. *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir.1985); *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc*., 635 F.2d 434, 435 (5th Cir. Unit A Jan. 1981). To establish good cause, a litigant must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Winters*, 776 F.2d at 1306 (emphasis omitted). Additionally, the claimant must make a showing of good faith and establish " 'some reasonable basis for noncompliance within the time specified.' " *Id*. (quoting 4A C. Wright & A. Miller, Federal Practice and Procedure § 1165, at 480 (2d ed. 1987)).

II.   **Failure to State a Claim**

"Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege enough facts to state a claim to relief that is plausible on its face and fails to raise a right to relief above the speculative level." *National Bi-Weekly Admin. Inc. v. Belo Corp.,* 512 F. 3d 137, 140 (5th Cir. 2007).   "A legally sufficient complaint does not need to contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).   In order to avoid dismissal, for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 667 F. 2d 1045 (5th Cir. 1982).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir. 2007).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), the defendant may move to dismiss the plaintiff's claims for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To survive such a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual content. *Id.* at 686. In reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to plaintiff. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

## LAW & ARGUMENT

Plaintiffs have not properly served the City/Parish (or any other party defendant) with summons in this matter or otherwise requested waiver of service. Additionally, duplicative claims against the City/Parish and Murphy Paul in his official capacity cannot simultaneously

3

stand. Even where such claims could coexist, Murphy Paul is not the current Chief of Police, and as such, no longer possesses the official capacity claimed by Plaintiffs.

### I. Plaintiffs did not properly serve the City/Parish with the Complaint.

In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350; 119 S.Ct. 1322, 1327 (1999) (citation omitted). Similarly, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104; 108 S.Ct. 404, 409 (1987).

Plaintiffs failed to properly serve the City/Parish, which is a political subdivision of the state of Louisiana. La. C.C.P. art. 1231 reads, "[s]ervice of citation or other process may be either personal or domiciliary, and except as otherwise provided by law, each has the same effect." La. C.C.P. art. 1231. Namely, La. C.C.P. art. 1265 states:

> Service of citation or other process on any political subdivision, public corporation, or state, parochial or municipal board or commission is made at its office by personal service upon the chief executive officer thereof, or in his absence upon any employee thereof of suitable age and discretion. A public officer, sued as such, may be served at his office either personally, or in his absence, by service upon any of his employees of suitable age and discretion. If the political entity or public officer has no established office, then service may be made at any place where the chief executive officer of the political entity or the public officer to be served may be found.

Further, La. R.S. 13:5107 states, in pertinent part:

> B. In all suits filed against a political subdivision of the state, or any of its departments, offices, boards, commissions, agencies or instrumentalities, citation and service may be obtained on any proper agent or agents designated by the local governing authority and in accordance with the laws of the state provided that the authority has filed notice of the designation of agent for service of process with and paid a fee of ten dollars to the secretary of state, who shall maintain such information with the information on agents for service of process for corporations. If no agent or agents are designated for service of process, as shown by the lack of

4

such designation in the records of the secretary of state, citation and service may be obtained on the district attorney, parish attorney, city attorney, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of the state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.

Here, the Mayor-President of the City of Baton Rouge/Parish of East Baton Rouge is the Chief Executive Officer of same in accordance with Section 4.03 of the City/Parish's Plan of Government.[2] As a result, the Mayor-President is the proper agent for service of process of the City/Parish and the Commission in accordance with La. C.C.P. art. 1265 and La. R.S. 13:5107.

Plaintiffs did not serve the City/Parish through the Mayor's Office in accordance with La. C.C.P. art. 1265 and La. R.S. 13:1507. Instead, as of the date of the original Complaint's filing, Plaintiffs incorrectly requested service through the Parish Attorney's Office as an attempt to perfect service upon the City/Parish. However, the Parish Attorney's Office is not a service representative or agent of the City/Parish pursuant to state law. Further, there is no state or local statute, ordinance, or resolution proclaiming the Parish Attorney's Office as an agent for service

---

[2] Section 4.03 of the Plan of Government states in its entirety:
The Mayor-President shall be the Chief Executive Officer of the Parish and City and shall have power, as authorized by the Metropolitan Council, subject to this Plan of Government, the ordinances and resolutions of the Metropolitan Council adopted in pursuance thereof, and the Constitution and general laws of the State, to supervise and direct the administration of all departments, offices and agencies of the Parish and City Governments the heads of which are appointed by him. He shall have all the powers and duties, not inconsistent with the provisions of this Plan of Government, conferred or imposed on the Mayor of the City of Baton Rouge by its Charter or which may be conferred or imposed on the Mayors of Cities by the general laws of the State applicable to such City. He shall have power to appoint and remove, subject to the provisions of Chapter 9, of this Plan of Government, the Director of Finance, Purchasing Agent, Personnel Administrator, the Department heads as listed in Section 5.01 and 5.02 of the Plan of Government, the Chief of the Fire Department and the Chief of Police, and such other officers and employees as the Council may provide by ordinances pursuant to this Plan of Government. In the case of any officer or employee who is not a member of the classified service as provided by Chapter 9 of the Plan of Government or by any general laws applicable to the City of Baton Rouge, the Mayor-President shall, before he may exercise the power of removal, first serve on the officer or employee sought to be removed a notice in writing setting forth the grounds of the proposed removal and fixing a time and place, not less than ten days after the service of such notice, at which the officer or employee shall be given an opportunity to be heard thereon. After such hearing, which shall be public at the option of the officer or employee, the action of the Mayor-President shall be final. The Mayor-President may suspend from duty for not more than sixty days any such officer or employee pending final action. (As amended December 6, 2014).

of process for either exceptor herein. Finally, the City/Parish noted its reservation of rights on service and the requirements of F.R.C.P. Rule 4(m). Accordingly, Plaintiffs have failed to serve the City/Parish and the matter should be dismissed without prejudice pursuant to F.R.C.P. Rule 4(m).

## II. Duplicative claims against the City/Parish and Murphy Paul in his official capacity are futile.

A claim against government officials in their "official capacity" is "treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Paragraph 14 of the First Amended Complaint identifies Murphy Paul as a party-defendant, but does not identify whether he is sued in his official capacity. Rec. Doc. 1 at 2, ¶4.

*Kentucky v. Graham* makes clear that a plaintiff who asserts an "official capacity" claim must allege and establish that a policy, practice or custom of a municipality was the "moving force" behind the alleged constitutional violation.

> Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n. 55 (1978). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Brandon v. Holt*, 469 U.S., 464, 471–72 (1985). It is *not* a suit against the official personally, for the real party in interest is the entity.
> ***
> On the merits, to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. *See*, *e.g., Monroe v. Pape,* 365 U.S. 167 (1961). More is required in an official-capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a "'moving force'" behind the deprivation, *Polk County v. Dodson,* 454 U.S. 312, 326 (1981) (*quoting Monell, supra,* 436 U.S., at 694); thus, in an official-capacity suit the entity's "policy or custom" must have played a part in the violation of federal law. *Monell, supra; Oklahoma City v. Tuttle,* 471 U.S. 808, 817–18, (1985); *id.,* at 827–28, (BRENNAN, J., concurring in judgment). *Graham,* 473 U.S. at 165-66.

6

In *Castro Romero v. Becken*, 256 F.3d 349, 354 (5th Cir. 2001) the Fifth Circuit upheld the trial court's dismissal of "the allegations against all of the municipal officers and two of the employees of the Corps of Engineers in their official capacities, as these allegations duplicate claims against the respective governmental entities themselves." More recently, the Fifth Circuit affirmed the dismissal of defendants sued in their official capacities because those claims were redundant of claims against the Sheriff. *Randle v. Tregre*, 147 F.Supp.3d 581, 592–93 (E.D.La. 2015), *aff'd,* 670 Fed.Appx. 285 (5th Cir. 2016).

Here, as the City/Parish and Murphy Paul in his official capacity are both named defendants, the claims surrounding City/Parish police policy, employment retention, supervision, training, discipline, and pattern(s) of said claims are duplicative and should be dismissed as to Murphy Paul such that only one state-actor stands in defense of the claims. Rec. Doc. 1 at 9, ¶48, 49, 51, 52. Moreover, Murphy Paul is no longer the Chief of Police, who can possess the official capacity status. When officials sued in this [official] capacity in federal court die or leave office, their successors automatically assume their roles in the litigation. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citations omitted). Accordingly, Murphy Paul and the properly-substituted current Chief of Police in his official capacity is a duplicative and unnecessary party-defendant herein, and should be dismissed with prejudice.

## CONCLUSION

The Complaint was not served properly upon the City/Parish and should be dismissed without prejudice. Additionally, Murphy Paul in his official capacity is a duplicative and unnecessary party-defendant herein, and should be dismissed with prejudice. For the foregoing reasons, the City/Parish respectfully requests that this Court grant its motion as prayed for.

**[SIGNATURE BLOCK ON FOLLOWING PAGE]**

**RESPECTFULLY SUBMITTED:**
**A. GREGORY ROME**
**PARISH ATTORNEY**

**/s/ Michael P. Schillage**
**Michael P. Schillage (#35554)**
**Sr. Special Assistant Parish Attorney**
**Creighton B. Abadie (#24271)**
**Assistant Parish Attorney**
222 St. Louis Street, Suite 902
Baton Rouge, Louisiana 70802
Telephone:    (225) 389-3114
Facsimile:    (225) 389-8736
Email: mschillage@brla.gov
         cabadie@brgov.com
*Attorney for Defendant, City of Baton Rouge/Parish of East Baton Rouge*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was this date sent to all counsel of record by electronic mail to the email address listed with the Court's electronic filing system, facsimile, and/or U.S. mail, postage prepaid and properly addressed. Notice will be mailed to any party or counsel not participating in the Court's CM/ECF system by this date depositing same in the United States Mail, postage prepaid, and properly addressed.

Baton Rouge, Louisiana this 21st day of November, 2024.

           **/s/ Michael P. Schillage**
           **MICHAEL P. SCHILLAGE**