### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF LOUISIANA

**ALEX WOODS, ET UX.**                                       **CIVIL ACTION**

**V.**

**CITY OF BATON ROUGE-PARISH**
**OF BATON ROUGE, ET AL.**                          **NO. 24-CV-00653-SDJ**

### MEMORANDUM IN SUPPORT OF CONSENT MOTION TO STAY PROCEEDINGS

**MAY IT PLEASE THE COURT:**

The City of Baton Rouge/Parish of East Baton Rouge ("City/Parish") submits this memorandum in support of its *Consent Motion to Stay Proceedings* as follows:

### FACTUAL BACKGROUND & PROCEDURAL HISTORY

On August 10, 2023, Alex Woods ("Plaintiff") was arrested as a result of events surrounding the execution of a lawful search warrant of a residence allegedly associated with narcotic distribution, including Plaintiffs' place of residence. A criminal proceeding was initiated and is presently pending against the Plaintiff for the aforementioned arrest for the charges of possession and distribution manufacturing Schedule I (40:966(A), illegal possession of a stolen firearm (14:96.1), and possession of a firearm or carrying concealed weapon (14:95.1) illegal carrying of a weapon. *Referring to State of Louisiana v. Alex Woods*; Docket No. DC-24-00149; Section 7; 19th Judicial District Court; Parish of East Baton Rouge; State of Louisiana.

On August 9, 2024, Plaintiff filed their *Complaint* herein alleging various federal claims of deprivations of constitutional rights and state law claims arising from the facts and circumstances of the arrests on August 10, 2023. Plaintiff's allegations of constitutional violations would, if true, necessarily implicate the validity of the pending charges against them

and any potential conviction that might result. Counsel for Plaintiffs has been contacted and consents to this request to stay.

## LAW & ARGUMENT

"A district court has the discretionary authority to stay a civil action pending the resolution of a parallel criminal proceeding when the interests of justice so require." *Villani v. Devol*, 2016 WL 1383498 at *2 (M.D.La. 2016) (*citing Whitney Nat'l Bank v. Air Ambulance by B&C Flight Management, Inc.*, 2007 WL 1468417, at *2 (S.D. Tex. May 18, 2007) (*citing State Farm Lloyds v. Wood*, 2006 WL 3691115 (S.D. Tex. Dec. 12, 2006); *United States v. Kordel*, 397 US 1, 12 n. 27 (1970); *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1088) (5th Cir. 1979); and *Estes-El v. Long Island Jewish Med. Ctr.*, 916 F.Supp. 268, 269 (S.D.N.Y. 1995))).

> The court considers the following factors when considering whether a civil action should be stayed in light of criminal proceedings: "(1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the case, including whether the defendant has been indicted; (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to the plaintiff caused by a delay; (4) the private interest of and burden on the defendant; (5) the interest of the court; and (6) the public interest." *Atkins v. Southeast Comm. Hosp. Sys.*, 2012 WL 370218 (M.D. La. Feb. 3, 2012) (*citing Lodge v. Boyd*, 2011 WL 4727863 (E.D. La. Oct. 6, 2011) (*citing LeBouef v. GlobalX-Ray*, 2008 WL 239752, at 2 (E.D. La. Jan. 29, 2008); *SEC v. First Fin. Group of Texas, Inc.*, 659 F.2d 660, 668 (5th Cir. 1981))).

Plaintiffs' allegations of constitutional violations would, if true, necessarily implicate the validity of the pending charges against them and any potential conviction that might result. Such allegations cannot proceed under § 1983 at this time. *See Hudson v. Hughes,* 98 F.3d 868, 872–73 (5th Cir.1996) (holding that *Heck* precluded proceeding on the plaintiff's allegations of excessive force and false arrest because, if successful, they would call into question the validity of the plaintiff's conviction).

The Supreme Court has explained that if a plaintiff files a false arrest claim before he has been convicted, or files other claims related to rulings that will likely be made in a pending or

anticipated criminal trial, the district court may, and following common practice often does, stay the civil action until the pending or potential criminal case has been decided. *Wallace v. Kato,* 549 U.S. 384, 393–94 (2007).

Also, if civil discovery proceeds and the plaintiff is deposed, he is entitled to assert a Fifth Amendment privilege to aspects of his testimony because the criminal prosecution, involving substantially the same issues, is still pending. *Holden Roofing, Inc. v. All States Roofing, Inc.,* 2007 WL 1173634, at *1 (S.D.Tex. 2007). Equally, where discovery moves forward in the civil action, the civil plaintiffs/criminal defendants can obtain information they could not obtain through the criminal case. *See Mackey v. Dickson,* 47 F.3d 744 (5th Cir. 1995); *Santos v. White*, 2017 WL 9485530 (M.D.La. 2017); *Guillory v. Wheeler*, 303 F.Supp.2d 808 (M.D.La. 2004). Accordingly, the civil matter brought by Plaintiff must be stayed until resolution of the criminal proceeding occurs to avoid undue prejudice and/or invalidation of the pending charges and any subsequent conviction.

## CONCLUSION

For the foregoing reasons, the City/Parish respectfully prays that this motion be granted and that this Court issue an order temporarily staying this civil proceeding pending the resolution of the related criminal proceeding.

*[SIGNATURE BLOCK ON FOLLOWING PAGE]*

3

**RESPECTFULLY SUBMITTED:**
**A.  GREGORY ROME**
**PARISH ATTORNEY**

**/s/ Michael P. Schillage**
**Michael P. Schillage (#35554)**
**Sr. Special Assistant Parish Attorney**
**Creighton B. Abadie (#24271)**
**Assistant Parish Attorney**
222 St. Louis Street, Suite 902
Baton Rouge, Louisiana 70802
Telephone:      (225) 389-3114
Facsimile:      (225) 389-8736
Email: mschillage@brla.gov
            cabadie@brla.gov
*Attorneys for Defendant, City of Baton*
*Rouge/Parish of East Baton Rouge*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was this date sent to all counsel of record by electronic mail to the email address listed with the Court's electronic filing system, facsimile, and/or U.S. mail, postage prepaid and properly addressed.  Notice will be mailed to any party or counsel not participating in the Court's CM/ECF system by this date depositing same in the United States Mail, postage prepaid, and properly addressed.

Baton Rouge, Louisiana, this 21st day of November, 2024.

**/s/ Michael P. Schillage**
**MICHAEL P. SCHILLAGE**